■ JOHN J. JACKLETS, Plaintiff, v CITY OF NEW YORK, Defendant. (And a Third-Party Action.) NAB CONSTRUCTION CORP., Fourth-Party Plaintiff-Respondent, v SIMPSON METAL INDUSTRIES, INC., Fourth-Party Defendant-Appellant. [708 NYS2d 96] —Order, Supreme Court, New York County (Martin Shulman, J.), entered April 9, 1999, as modified in an order dated April 28, 1999, denying a motion by fourth-party defendant Simpson Metal Industries, Inc. for an order dismissing the fourth-party complaint or, in the alternative, substituting Nab Construction Corp. as fourth-party defendant in place of Simpson Metal Industries, Inc., unanimously modified, on the law, to the extent that the fourth-party action is not deemed a declaratory judgment action, and otherwise affirmed, without costs.

The accident underlying the fourth-party complaint occurred before Simpson Metal Industries, Inc.'s merger into Nab. According to Business Corporation Law § 906 (b) (2), the liability of Simpson, the constituent entity after merger, neither ceased nor became impaired as a result of the merger. What is at issue in the fourth-party complaint is the liability, whether it be based in indemnification or contribution, of the constituent Simpson to another constituent, Nab, which is now the surviving corporation. Thus, there is no issue of equitable subrogation, as is argued. We therefore modify only to the extent of deeming the action not to be one seeking a declaration as to insurance coverage, but rather one seeking a determination of liability under a fourth-party complaint. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.